447 So.2d 959 (1984)
George T. FRAZIER, Appellant,
v.
STATE of Florida, Appellee.
No. AW-118.
District Court of Appeal of Florida, First District.
March 14, 1984.
*960 J. Craig Williams of Williams & Stapp, Jacksonville, for appellant.
No Appearance for appellee.
MILLS, Judge.
Frazier filed a motion for postconviction relief, Rule 3.850, Florida Rules of Criminal Procedure, alleging that his plea of nolo contendere was involuntary and that he was denied effective assistance of counsel. After holding an evidentiary hearing, the trial court denied the motion. We affirm.
Frazier's allegations of an involuntary plea are affirmatively refuted by the transcript of the plea hearing. The transcript shows that Frazier stated that no one had threatened him or promised him anything to induce him to plead nolo contendere and that the trial court conducted an adequate inquiry into the voluntariness of the plea.
Further, we agree with the trial court that Frazier presented insufficient evidence on the issue of ineffective assistance of counsel. First, he stated at the plea hearing that he was satisfied with the services of his attorney. Such a statement by a defendant precludes him from later raising the issue of ineffective assistance of counsel. Holloway v. State, 432 So.2d 649 (Fla. 1st DCA 1983). Second, even if Frazier's allegations concerning his attorney were true, there was no proof that the alleged deficient conduct affected the outcome of the court proceedings as is required by Knight v. State, 394 So.2d 997 (Fla. 1981). That is, Frazier failed to show that further investigation or other activity by his attorney would likely have resulted in a decision to go to trial, much less a verdict favorable to him following the trial. It has been held that "[i]n order to support a claim of ineffective assistance of counsel under Knight it must be established that the alleged error was prejudicial in fact." Buford v. Wainwright, 428 So.2d 1389, 1391 (Fla. 1983). Frazier has failed to carry this burden.
We also base our affirmance on another ground. Frazier entered his plea of nolo contendere on 20 August 1973. After serving two years of his seven-year sentence, he escaped and remained at large for almost seven years. He filed this Rule 3.850 motion in 1983 after he was recaptured. While he was at large, both the attorney that he now alleges was ineffective and the trial judge who accepted his plea died. We hold that under such circumstances Frazier's motion is barred by the doctrine of laches. Remp v. State, 248 So.2d 677 (Fla. 1st DCA 1970). It offends our sense of justice to allow a defendant to bring allegations such as these where there has been such an unjustified delay in filing the motion and especially where the persons who possibly could have refuted the allegations have long since died or have otherwise become unavailable to testify.
AFFIRMED.
WENTWORTH and BARFIELD, JJ., concur.