## BELL v STATE OF FLORIDA
### Case No. 89-61-AP
Fourth Judicial Circuit, Duval County
January 25, 1990

### APPEARANCES OF COUNSEL
**Joseph S. Farley, Jr., Esquire,** for appellant.
**Office of the State Attorney,** for appellee.

### OPINION OF THE COURT

MATTOX S. HAIR, Circuit Judge.

Appellant, Paul L. Bell, appeals an order of the trial court granting Appellee's Motion to Strike Defendant's Motion to Withdraw Nolo Contendere Plea. Appellant's motion with affidavit attached thereto was filed approximately twelve and one-half (12-½) years after Appellant pleaded nolo contendere to a charge of Driving Under The Influence in 1975. The trial court granted Appellee's Motion to Strike on the ground that the Motion and accompanying Affidavit were legally insufficient. This Court has jurisdiction pursuant to Rule 9.030(c)(1), Florida Rules of Appellate Procedure.

Appellant asserts that the trial court erred in striking his Motion to Withdraw Nolo Contendere Plea. In *William v State,* 316 So.2d 267 (Fla. 1975), the Florida Supreme Court set forth the requirements necessary for plea withdrawal after sentencing. The Court has considered those requirements in arriving at its decision.

Appellant's Motion and Affidavit fail to set forth the requirements necessary for the lower court to make a determination that the plea was coerced or involuntarily given or entered without knowledge of the charge or the sentence imposed.

Furthermore, the motion was untimely since it was filed approximately twelve and one-half (12-½) years after the plea was entered. *See, Williams, supra; Frazier v State,* 447 So.2d 959 (Fla. 1st DCA 1984).

Accordingly, the decision of the trial court is AFFIRMED.

ADJUDGED at Jacksonville, Florida, this 24th day of January, 1990.