620 So.2d 1289 (1993)
Gregorio ARREOLA, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3455.
District Court of Appeal of Florida, Fourth District.
June 2, 1993.
Rehearing and/or Certification Denied August 5, 1993.
Gregorio Arreola, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We reverse the summary denial of appellant's motion for post-conviction relief from his sentences for three counts of sexual battery and kidnapping. Appellant claims error in the sentence caused by adding points for victim injury where none was alleged or proved.
We agree based on Karchesky v. State, 591 So.2d 930 (Fla. 1992), and Boland v. State, 613 So.2d 72 (Fla. 4th DCA 1993). We remand for a de novo sentencing hearing to determine the extent of actual injury, if any. See Morris v. State, 605 So.2d 511 (Fla. 2d DCA 1992).
As to appellant's claim of ineffective assistance of counsel, appellant states that he told his counsel of facts and witnesses which would support a consent defense. The written plea agreement also indicates that he agreed that he had told his counsel all of the facts, that counsel had fully discussed with him all of his defenses and that he was satisfied with his counsel's representation. Thus, the claims are refuted by the written plea agreement. Rackley v. State, 571 So.2d 533 (Fla. 1st DCA 1990); Frazier v. State, 447 So.2d 959 (Fla. 1st DCA 1984).
Reversed and remanded for further proceedings.
HERSEY and WARNER, JJ., and WILLIAM C. OWEN, Jr., Senior Judge, concur.