DELL, Chief Judge.
By order, we permitted this belated appeal to proceed as an appeal from a denial of a motion for postconvietion relief without an evidentiary hearing. The trial court had previously denied appellant’s rule 3.850 motion, and on appeal this court reversed the trial court’s order, 619 So.2d 511. We instructed the trial court on remand to conduct an evidentiary hearing or attach portions of the record to support its order relating to the issue of victim impact for purposes of sentencing appellant after revocation of probation.
The record furnished on remand shows that in 1990, appellant entered a plea of guilty on two felony counts pursuant to a plea agreement whereby the trial court withheld adjudication and sentenced appellant to ten years probation. In 1991, appellant’s probation officer alleged that appellant had violated conditions of his probation by driving while intoxicated and failing to follow recommended treatment after a psychological evaluation. The trial court determined appellant violated his probation, entered an order revoking his probation and ordered a presentence investigation report (PSI). The PSI, under the heading of “victim impact,” stated: “The victim, [T.M.], suffered physical and emotional trauma as a result of this offense.” The record contains no other evidence relating to the victim’s injury.
When appellant appeared for sentencing on the violation of probation, the guidelines scoresheet reflected a total of 287 points, including forty points for victim injury and five points for the DWI conviction which partially formed the basis for the revocation. The trial court sentenced appellant in accordance with the guidelines to twelve years in prison on Count I and five years in prison on Count II to run concurrently.
Appellant contends the trial court erred when it included forty points for victim injury and the reduction of those forty points would change the maximum permitted sentencing range to four and one-half to nine years. We agree. Since the record attached by the trial court does not contain sufficient evidence to establish that the victim sustained the physical trauma as defined in Karchesky v. State, 591 So.2d 930 (Fla.1992), we reverse the trial court’s order denying appellant’s motion for postconvietion relief and remand this cause for a de novo hearing to determine the extent of the victim’s injury, if any. See Arreola v. State, 620 So.2d 1289 (Fla. 4th DCA 1993).
The state responds that the reduction of forty points for victim injury would not alter appellant’s sentence and thus, exclusive of any victim injury, any error in failing to reduce the total points scored in the PSI by that amount is rendered harmless. The state argues that even with the reduction of forty points for victim injury, appellant would score 257 points, resulting in a maximum permitted sentencing range of five and one-half to twelve years imprisonment after a one cell bump-up for violation of probation. See rule 3.988(b), Fla.R.Crim.P. We disagree. The reduction of the victim injury points from the total of 287 points would leave 247 points, not 257 points. With the appropriate reduction, appellant’s permitted sentencing range would change from five and one-half to twelve years to four and one-half to nine years.
We also find merit in appellant’s argument that the court erred in scoring five points for the DWI giving rise to the revocation of probation because “prior record” refers to past criminal conduct resulting in conviction prior to commission of the primary offense. See rule 3.701(d)(5), Fla.R.Crim.P.
Accordingly, we reverse and remand this cause to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
WARNER and POLEN, JJ., concur.