PER CURIAM.
Henry Williams urges error in the trial court’s denial of his Rule 3.850 motion alleging that trial counsel rendered ineffective assistance in recommending that he withdraw his guilty plea and proceed to trial, which resulted in his receiving a harsher sentence than that called for in the plea agreement. The motion alleges that counsel advised him that he could not be given the sentence he in fact received after the jury found him guilty.
Williams alleged in the motion that after hearing Williams’ deposition testimony against his co-defendant, trial counsel suggested that he withdraw his plea on the armed robbery and theft charges and proceed to trial because he could not be charged with the armed robbery. Williams further alleged that he told trial counsel he did not want to risk another trial for armed robbery and risk receiving another life sentence. Allegedly, trial counsel assured Williams that he could not receive another life sentence because the appellate court had reversed that sentence.
The trial court denied the motion for post-conviction relief on grounds that the motion was facially insufficient, ruling that the actions by trial counsel were tactical decisions, which cannot justify post-conviction relief, citing Gonzalez v. State, 579 So.2d 145 (Fla. 3d DCA 1991). See Buford v. State, 492 So.2d 355 (Fla.1986). We note that the trial court in Gonzalez denied the motion for post-conviction relief after a hearing, which has not yet taken place in the instant ease. Generally, an evidentiary hearing is required to determine whether action or inaction by trial counsel was a tactical decision for which no relief can be granted. See Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994). In its brief, “the State acknowledges that the trial court’s order denying appellant’s motion for post-conviction relief must be reversed.”
If on remand the court finds that the record in the case conclusively shows that the defendant is entitled to no relief and denies the motion, it must attach portions of the record supporting this conclusion. If the record does not conclusively show that the defendant is entitled to no relief, the court should hold an evidentiary hearing and make appropriate findings of fact and conclusions of law. See Thames v. State, 454 So.2d 1061 (Fla. 1st DCA 1984).
REVERSED and REMANDED.
ALLEN, LAWRENCE and BENTON, JJ., concur.