666 So.2d 921 (1995)
William B. REDDING, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3749.
District Court of Appeal of Florida, First District.
August 4, 1995.
Nancy A. Daniels, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sonya Roebuck Horbelt, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, William B. Redding, challenges his convictions for grand theft and perjury in connection with the improvement of real property, which arose following Redding's unsatisfactory performance under a contract in which he agreed to construct mini-storage warehouses. We reverse the convictions and sentences for the following reasons.
*922 First, the state's evidence failed to establish specific intent to commit theft, which is an essential element of the crime. See Stramaglia v. State, 603 So.2d 536 (Fla. 4th DCA), review denied, 613 So.2d 9 (Fla. 1992).
Second, the state failed to establish perjury under section 713.35, Florida Statutes (1989). Although the applications for payment were notarized, the notary testified that she did not administer an oath to Redding when he signed the applications. See Youngker v. State, 215 So.2d 318 (Fla. 4th DCA 1968).[1]
Based on our resolution of the first two issues, it is unnecessary to reach the remaining issues regarding the discovery violation and restitution.
REVERSED and REMANDED with directions to discharge Redding.
MINER, J., concurs.
BENTON, J., concurs in result.
NOTES
[1] No objection was made that such testimony was inadmissible on the ground that it was extrinsic evidence to a document which appeared complete on its face.