661 So.2d 406 (1995)
Clyde YOUNG, Appellant,
v.
STATE of Florida, Appellee.
No. 95-716.
District Court of Appeal of Florida, First District.
October 18, 1995.
Pro se, for Appellant.
No appearance, for Appellee.
MICKLE, Judge.
Clyde Young appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Young's motion sets forth several grounds for relief, only one of which merits discussion. Young claims that trial counsel rendered ineffective assistance in failing to investigate and consider the availability of a voluntary intoxication defense to the charge of possession of cocaine with the intent to sell, despite having been informed by Young that he "was high on crack and whiskey" during the commission of this offense. We find these factual allegations, on their face, sufficient to set forth a claim of ineffective assistance of counsel despite the fact that Young signed a plea agreement indicating his satisfaction with counsel's services. See Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992).
Since the trial court's order and attachments fail to demonstrate conclusively that Young is entitled to no relief, we reverse and remand for an evidentiary hearing for the purpose of rendering a determination on the merits of the above stated claim. In all other respects, the order denying post-conviction relief is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
ERVIN and LAWRENCE, JJ., concur.