ERVIN, Judge.
Appellant, Stephen Swain, appeals an order dismissing his complaint for failing to state a cause of action. We reverse and remand for further proceedings.
Swain alleged that he was transferred from Apalachee Correctional Institution to several other facilities without being given the opportunity to collect some of his personal belongings, despite repeated requests for same. Because his belongings included time-limited materials from a paralegal correspondence course, Swain alleged he was terminated from the course and forfeited his $2,815 tuition fee. He sued five individual employees, asserting denial of due process and conversion. The trial court dismissed the complaint for failure to state a cause of action.
Appellees respond that the trial court properly dismissed the complaint, because Swain did not allege in his complaint that the defendants acted deliberately to deny the plaintiff of his property or that their actions were willful or in bad faith. We cannot agree. Swain stated that the defendants acted “in bad faith, with malicious intent, or in a manner exhibiting wanton and willful disregard of human rights, safety, and property, and outside the scope of their official capacity as agents of the Department of Corrections,” and that “[t]he conversion of Plaintiffs property was committed willfully, wrongfully, unlawfully, and maliciously.” These allegations were sufficient to state a cause of action. Witmer v. University of Fla. Police Dep’t, 610 So.2d 87, 88 (Fla. 1st DCA 1992) (in an action for conversion, malicious prosecution, and conspiracy to maliciously prosecute, complaint that stated “that the defendant officers acted intentionally and with malicious purpose,” sufficiently stated a cause of action against defendants individually); Hansen v. State, 503 So.2d 1324, 1326 (Fla. 1st DCA 1987) (insofar as complaint alleged that the officers “acted with malicious purpose and gross negligence,” it stated a cause of action against defendants individually). See also West v. Wainwright, 380 So.2d 1338 (Fla. 1st DCA 1980).
REVERSED and REMANDED.
MICKLE and LAWRENCE, JJ., concur.