MICKLE, Judge.
In this appeal from the summary denial of appellant’s motion for post-conviction relief, filed pursuant to Fla.R.Crim.P. 3.850, we affirm the denial of all of appellant’s claims for relief except for the following two allegations of ineffective assistance of counsel: (1) defense counsel failed to investigate and consider the availability of a voluntary intoxication defense despite having been informed by appellant that, prior to commission of the alleged specific intent crimes, appellant had consumed mushroom tea and large quantities of alcohol; and (2) defense counsel failed to investigate several viable defenses to the charges of grand theft.
Such allegations have been deemed sufficient to withstand summary denial in the context of rule 3.850 claims for collateral relief. See Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995) (allegation that trial counsel failed to investigate and consider voluntary intoxication defense deemed sufficient to set forth a claim of ineffective assistance counsel despite the fact that defendant signed a plea agreement); Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992); Shaw v. State, 650 So.2d 143 (Fla. 2d DCA 1995) (allegation that counsel did not investigate claimed defenses entitles defendant to relief).
If appellant’s sworn allegations are true, he would appear to be entitled to relief under the standards relating to ineffective assistance of counsel. Because the trial court’s order and attachments fail to conclusively demonstrate that appellant is entitled to no relief, we must reverse and remand for an evidentiary hearing for the purpose of rendering a determination on the merits of these two claims. In all other respects, the order denying post-conviction relief is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings.
MINER and WEBSTER, JJ., concur.