676 So.2d 64 (1996)
Cole Augustus URQUHART, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3103.
District Court of Appeal of Florida, First District.
July 9, 1996.
*65 Cole Augustus Urquhart, Appellant, Pro Se.
No appearance for Appellee.
JOANOS, Judge.
Cole Urquhart, appellant, seeks review of the order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant raised fourteen grounds which allegedly demonstrate his entitlement to postconviction relief. Many of these allegations either are improper for consideration on a rule 3.850 motion, or are facially insufficient. Consequently, we affirm the trial court's ruling with respect to grounds 1, 2, 3, 4, and 8 of the motion, as well as the ruling concerning appellant's habitual offender allegation, which the trial court treated as an amendment to the motion. However, we must reverse appellant's express and implied claims of ineffective assistance of counsel, and remand for further proceedings.
Appellant's ineffective assistance of counsel claims are stated expressly in ground 6, and implicitly in grounds 5, 7, 9, 10, 11, and 12. For purposes of our discussion, we organize the ineffective assistance allegations into the following general categories: (1) counsel's failure to investigate or consider an intoxication defense, although appellant advised that he was highly intoxicated at the time of his arrest; (2) counsel's failure to investigate appellant's history of mental disorders and psychiatric condition; (3) counsel's failure to conduct an adequate investigation; and (4) counsel's failure to file a timely notice of appeal, though requested to do so by appellant.
When an evidentiary hearing is not held, the allegations of a post-conviction motion must be accepted as true, except to the extent that they are conclusively rebutted by the record. Harich v. State, 484 So.2d 1239 (Fla.1986); Montgomery v. State, 615 So.2d *66 226, 228 (Fla. 5th DCA 1993). To establish ineffective assistance of counsel, a defendant must show that (1) counsel's performance was outside the broad range of competent performance, and (2) the deficiencies in counsel's performance were prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Gunsby, 670 So.2d 920 (Fla.1996). Depending upon the circumstances of a particular case, the cumulative effect of numerous errors or omissions in a counsel's performance may constitute prejudice. Gunsby; Cherry v. State, 659 So.2d 1069 (Fla.1995); Harvey v. Dugger, 656 So.2d 1253 (Fla.1995).
Ineffective assistance claims based upon counsel's failure to adequately investigate and consider a defense may be sufficient to require further proceedings, depending upon the specificity of the factual allegations in support of each claim. See McCaskill v. State, 666 So.2d 1049 (Fla. 1st DCA 1996); Jenkins v. State, 625 So.2d 883 (Fla. 1st DCA 1993). Appellant in this case pled nolo contendere to numerous charges, including attempted burglary, and burglary of a structure, both of which are specific intent crimes. Ellis v. State, 425 So.2d 201, 202 (Fla. 5th DCA), approved, 442 So.2d 213 (Fla.1983). Voluntary intoxication is a defense to a specific intent crime. See Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995). In Young, claims that trial counsel rendered ineffective assistance in failing to investigate and consider the availability of a voluntary intoxication defense were deemed facially sufficient, "despite the fact that Young signed a plea agreement indicating his satisfaction with counsel's services."
In a similar vein, counsel's failure to inform the trial court of the defendant's history of mental illness, or the effect of the defendant's prescribed medication upon his mental processes, may form the predicate for a valid ineffective assistance of counsel claim. Williams v. State, ___ So.2d ___ [1996 WL 50494] (Fla. 2d DCA 1996)[21 Fla. L. Weekly D378](complaint that trial counsel failed to act when made aware of psychiatric problems made a facially sufficient claim which attachments to order did not refute).
A defendant's allegation that he made a timely request for an appeal which his attorney failed to honor states a facially sufficient basis for post-conviction relief. Carter v. State, 668 So.2d 294 (Fla. 1st DCA 1996) (allegations that counsel failed to honor defendant's timely request for appeal were verified in motion as true and correct, thus allegations were sufficient to raise the issue); Pentecost v. State, 637 So.2d 985 (Fla. 1st DCA 1994); Love v. State, 623 So.2d 1221 (Fla. 1st DCA 1993).
The record in this case does not contain a written plea agreement signed by appellant which indicates his satisfaction with his counsel's services. Although the appellate record includes transcripts of the plea and sentencing proceedings, there is nothing in the record to indicate the trial court questioned appellant concerning his view of the services of his appointed counsel. Here, as in Young, appellant alleged his counsel was ineffective for failing to investigate and to consider the possibility of an intoxication defense. In addition, appellant alleged his counsel failed to investigate appellant's psychiatric condition and his history of mental disorders, counsel failed to conduct an adequate investigation, and counsel failed to honor appellant's timely request for an appeal. The trial court failed to address any of the ineffective assistance of counsel claims, and these claims are not refuted by the record. Because appellant's claims are facially sufficient to demonstrate entitlement to relief, we must reverse that part of the trial court's order which denied the ineffective assistance of counsel allegations.
Accordingly, the order denying post-conviction relief is reversed with respect to the ineffective assistance of counsel claims, and the cause is remanded for attachment of portions of the record which conclusively refute the allegations, or for an evidentiary hearing. In all other respects, the trial court's ruling is affirmed.
BOOTH and VAN NORTWICK, JJ., concur.