680 So.2d 565 (1996)
Frankie W. SPIVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-319.
District Court of Appeal of Florida, First District.
August 7, 1996.
*566 Appellant pro se.
No appearance for Appellee.
PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of an order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. Although appellant's motion claims entitlement to relief for a number of reasons, we conclude that only one merits discussion.
The record reflects that appellant entered a no contest plea to a charge of third-degree felony grand theft; that he was placed on probation; and that he subsequently admitted that he had violated the terms of his probation, which resulted in a prison sentence. Appellant's motion alleges that his original trial counsel was ineffective because he failed to investigate the possibility of a voluntary intoxication defense to the grand theft charge, notwithstanding the fact that counsel was aware before appellant entered his plea that appellant "was highly intoxicated prior to and during the commission of the alleged offense, and was incapable of committing a specific intent crime as charged in the information."
Theft is a specific intent crime. Redding v. State, 666 So.2d 921 (Fla. 1st DCA 1995). Voluntary intoxication is a recognized defense to specific intent crimes. Eberhardt v. State, 550 So.2d 102 (Fla. 1st DCA 1989), review denied, 560 So.2d 234 (Fla.1990). Accordingly, appellant's allegations are facially sufficient to state a claim for relief based on ineffective assistance of counsel. Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995). Because the trial court denied the motion without addressing the merits of this ground, we reverse and remand as to this ground only, with directions that the trial court either attach to its order denying relief those portions of the record which conclusively establish that appellant is entitled to no relief, or hold an evidentiary hearing. Fla. R.Crim. P. 3.850(d). In all other respects, the trial court's order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and LAWRENCE, JJ., concur.