678 So.2d 859 (1996)
Keith Edward KISER, Appellant,
v.
STATE of Florida, Appellee.
No. 96-814.
District Court of Appeal of Florida, First District.
August 12, 1996.
Appellant pro se.
No appearance for Appellee.
PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of an order denying his motion seeking post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Of the claims made by appellant, only one merits discussion.
Appellant asserts that his trial counsel was ineffective because he failed to present as evidence a surveillance videotape of *860 the robbery of which appellant was convicted. According to appellant, had the videotape been played for the jury, his defense of voluntary intoxication would have been established, and he would not have been convicted of armed robbery. The trial court summarily denied this claim, stating that the decision not to use the videotape had been "a strategic choice by counsel." The order has no attachments.
Robbery is a specific intent crime, to which voluntary intoxication is a defense. Gardner v. State, 480 So.2d 91 (Fla.1985). Accordingly, we conclude that appellant's allegations regarding trial counsel's failure to offer the videotape in evidence are legally sufficient to state a claim for relief based on ineffective assistance of counsel.
The trial court denied relief based on its conclusion that the decision not to offer the videotape in evidence "was a strategic choice by counsel." That conclusion is not supported by attachment of any portions of the record. "Generally, an evidentiary hearing is required to determine whether action or inaction by trial counsel was a tactical decision for which no relief can be granted." Williams v. State, 647 So.2d 996, 997 (Fla. 1st DCA 1994). Accordingly, we reverse as to this ground only. On remand, the trial court shall either attach to its order again denying relief those portions of the record which conclusively demonstrate that appellant is entitled to no relief, or hold an evidentiary hearing. In all other respects, the order denying relief is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
MINER, WEBSTER and MICKLE, JJ., concur.