687 So.2d 869 (1997)
Kevin WHITTY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04009.
District Court of Appeal of Florida, Second District.
January 22, 1997.
PER CURIAM.
Kevin Whitty challenges the trial court's order denying his motion for postconviction relief in three cases. We reverse the order as it pertains to two of the cases and remand for an evidentiary hearing on those cases. We affirm the trial court's order as it pertains to the third case.
In August 1994, Whitty pleaded to robbery (trial court case number 93-1080), burglary of a conveyance (trial court case number 93-1079) and grand theft (trial court case number 94-1714). Whitty's motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, states that the burglary and robbery were committed on the same day and that the grand theft was committed a year earlier. Whitty alleged that defense counsel was ineffective for failing to pursue a defense of voluntary intoxication and that his plea was involuntary because counsel informed him that said defense was not applicable to the charges of robbery and burglary.
The trial court's order found that Whitty failed to make a showing that the defense of voluntary intoxication was available to him *870 and that he failed to establish that such a defense would have led to a different result at trial. The order did not address Whitty's claim that his plea was involuntary because it was based on the misadvice of counsel. The order notes that Whitty's statement to the police, along with the robbery victim's statement and the statement of a witness who was with Whitty immediately prior to the robbery, shows no evidence of intoxication. However, a review of the record attachments indicates that the robbery occurred at approximately 1:00 a.m. and that Whitty told the detective interviewing him that on the day before the robbery he was "smoking crack all day." Whitty also told the detective that he ingested crack cocaine immediately after the robbery.
Whitty's allegation that trial counsel failed to pursue a defense of voluntary intoxication with regard to the grand theft charge is facially insufficient. Whitty does not allege that he informed his defense attorney he wished to pursue said defense on that charge. Nor does he allege that he advised his attorney he was under the influence of alcohol or drugs at the time of his arrest or that the circumstances surrounding the offense would have provided corroboration of his intoxicated state, as did the defendant in Wright v. State, 675 So.2d 1009 (Fla. 2d DCA 1996).
Regarding the burglary and the robbery charges, in his motion Whitty alleges that his attorney was advised of his desire to pursue a defense of voluntary intoxication. Voluntary intoxication is a defense to burglary. Urquhart v. State, 676 So.2d 64 (Fla. 1st DCA 1996). It is also a defense to robbery. Kiser v. State, 678 So.2d 859 (Fla. 1st DCA 1996). Because the attachments fail to demonstrate conclusively that Whitty is not entitled to relief on his claim that defense counsel failed to pursue a defense of voluntary intoxication, we remand for an evidentiary hearing on that claim. See Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995). Whitty is also entitled to an evidentiary hearing on his claim that his plea was involuntarily entered because defense counsel advised him that voluntary intoxication is not a defense to burglary or robbery. See Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996) (explaining that, if not refuted by record attachments, an evidentiary hearing is required where the claim is that the plea was involuntarily entered based on incorrect legal advice of defense counsel).
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and PATTERSON and WHATLEY, J., concur.