689 So.2d 372 (1997)
Ervin Alphonso BARTLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2394.
District Court of Appeal of Florida, First District.
February 25, 1997.
*373 Appellant pro se.
No appearance for Appellee.
PER CURIAM.
Appellant, an inmate of the state correctional system, seeks review of an order denying his motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, seeking post-conviction relief. Appellant's motion presented two grounds for relief: that his trial counsel had been ineffective because he "refused to investigate and consider the availability of voluntary intoxication [as a defense to the charge of aggravated assault] despite having been informed by [appellant] that he was high on crack cocaine and alcohol at the time of the aggravated assault"; and that a prior felony conviction had improperly been used both to enhance his sentence and to calculate his presumptive guidelines sentence. The trial court denied relief, concluding that both grounds were legally insufficient. We reverse.
The allegations of appellant's motion regarding trial counsel's refusal to investigate and consider a voluntary intoxication defense are legally sufficient to state a claim for relief. Aggravated assault is a specific intent crime. E.g., State v. Shorette, 404 So.2d 816 (Fla. 2d DCA 1981). Voluntary intoxication is a recognized defense to specific intent crimes. E.g., Spivey v. State, 680 So.2d 565 (Fla. 1st DCA 1996). Allegations substantively indistinguishable from those made by appellant have repeatedly been held sufficient to state a claim for relief. E.g., Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992). It is not necessary, as the trial court presumed, that a defendant point to record evidence of intoxication at the time of the alleged offense in order to state a legally sufficient claim.
As to the second ground asserted, the trial court denied relief because, according to its order, appellant had been sentenced as an habitual violent felony offender. Therefore, the trial court reasoned, the fact that the prior felony conviction had also been used to calculate the presumptive guidelines sentence was irrelevant because appellant was not sentenced pursuant to the guidelines. We are unable to assess the propriety of this reasoning, because the order does not attach any portions of the record to support it.
We reverse and remand for further proceedings consistent with this opinion. Should the trial court again decide to deny relief, it shall attach to its order those portions of the record which conclusively establish that appellant is entitled to no relief.
REVERSED and REMANDED, with directions.
WEBSTER, LAWRENCE and PADOVANO, JJ., concur.