PER CURIAM.
Appellant filed a motion for post-conviction relief, presenting a challenge to his sentence and a claim that his trial counsel was ineffective in failing to investigate and present a voluntary intoxication defense. The trial court denied relief and this court reversed and remanded for further proceedings. Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997). On remand, both claims were again denied and certain attachments were provided. While we agree the sentencing issue is without merit, the trial court found the failure to investigate and present the voluntary intoxication defense was a sound tactical decision by trial counsel. Such a conclusion is generally inappropriate absent an evidentia-ry hearing and we find this case is not an exception to that rule. See Kiser v. State, 678 So.2d 859 (Fla. 1st DCA 1996); Guisasola v. State, 667 So.2d 248 (Fla. 1st DCA 1995).
We reverse and remand to the trial court with instructions to conduct an evidentiary hearing on appellant’s claim of ineffective assistance of counsel.
AFFIRMED in part and REVERSED in part.
*340 MICKLE and DAVIS, JJ., and MeDONALD, PARKER LEE, Senior Judge, concur.