732 So.2d 331 (1998)
William Howard HESTER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-233.
District Court of Appeal of Florida, First District.
June 22, 1998.
Appellant pro se.
Robert A. Butterworth, Attorney General; Kristina White, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, Judge.
Appellant seeks review of an order denying his motion for postconviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. In the trial court, appellant argued entitlement to relief on a number of grounds, including that his attorney had been ineffective for failing to investigate and present a voluntary intoxication defense. The trial court denied relief on all grounds, either because the claims were legally insufficient, they were refuted by the record, or both. We conclude that the claim that trial counsel had been ineffective because he failed to investigate and present a voluntary intoxication defense was facially sufficient and was not clearly refuted by the portions of the record attached to the trial court's order. Accordingly, we are constrained to reverse the portion of the trial court's order that denied relief as to that claim, and to remand for further proceedings.
Appellant was convicted following a jury trial of kidnapping and two counts of armed robbery. In his motion, appellant alleged under oath that his trial attorney had been ineffective because he had failed to investigate and present a voluntary intoxication defense. According to appellant, for several hours immediately preceding the commission of the offenses he had smoked considerable crack cocaine and drunk a large volume of beer. He claimed *332 that two identified witnesses had been available and would have supported his testimony. He further claimed that he had told all of this to his attorney, telling him also that, as a result, he "could not remember too well what happened." Finally, appellant alleged that, had his attorney pursued a voluntary intoxication defense, the result would have been different. The trial court concluded that this claim did not entitle appellant to relief because (1) appellant failed to point to any evidence that he was actually intoxicated at the time of the offense; (2) appellant failed to allege that the witnesses whom he claimed would have supported his defense were available to testify; (3) a voluntary intoxication defense would have been inconsistent with the misidentification defense presented by appellant's attorney, suggesting a tactical decision by the attorney; and (4) the evidence was so overwhelming that such a defense would not have changed the outcome.
Voluntary intoxication is a recognized defense to the specific intent crimes of kidnapping and armed robbery. E.g., Hylleberg v. State, 700 So.2d 807 (Fla. 5th DCA 1997); Kiser v. State, 678 So.2d 859 (Fla. 1st DCA 1996). We have previously held that allegations substantively indistinguishable from those made by appellant are facially sufficient to state a claim for ineffective assistance of counsel. Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992). We have also held that it is not necessary that a defendant point to record evidence of intoxication at the time of the offense. Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997). While the decision to employ a misidentification defense rather than one of voluntary intoxication may have been a tactical one on the part of appellant's attorney, such a determination normally cannot be made without an evidentiary hearing. E.g., Kiser v. State, 678 So.2d 859 (Fla. 1st DCA 1996). Our review of the record satisfies us that such is particularly true in this case, given the apparent weakness of a misidentification defense. Finally, having carefully reviewed the record, we are unable to agree either that appellant did not sufficiently allege that the witnesses whom he claimed would have supported his defense were available to testify, or that the evidence was so overwhelming that such a defense would not have changed the outcome. While there was overwhelming evidence that appellant had committed the offenses, there was also record evidence which, in our opinion, would have supported a voluntary intoxication defense.
We reverse that portion of the trial court's order which denied relief on appellant's claim that trial counsel had been ineffective because he failed to investigate and present a voluntary intoxication defense, and remand as to that claim only for further proceedings consistent with this opinion. In all other respects, the trial court's order is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD, C.J., and KAHN, J., concur.