779 So.2d 284 (1998)
James SCOTT, III, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02851.
District Court of Appeal of Florida, Second District.
September 2, 1998.
PER CURIAM.
James Scott challenges the trial court's summary denial of his postconviction motion attacking guilty pleas to a variety of offenses for which he is serving thirty-five years as a habitual violent felony offender. The trial court improperly denied two of the four claims Scott advanced in his motion, and upon those we reverse.
Scott alleges in these two interrelated grounds for relief that he would not have entered pleas to the charged offenses, which are specific intent crimes, had counsel advised him of the defense of voluntary intoxication. He recites the usual requirements: that he was intoxicated at the time the crimes were committed; that he advised counsel of this; that he advised counsel of specific individuals who would be able to corroborate this evidence; and that had he been apprised of the defense, he would have proceeded to jury trial. Counsel's failing, he alleges, renders his pleas involuntary. See Whitty v. State, 687 So.2d 869 (Fla. 2d DCA 1997); Wright v. State, 675 So.2d 1009 (Fla. 2d DCA 1996).
The trial court denied these claims on the basis of a plea form and an excerpt of the plea colloquy which noted Scott's satisfaction with counsel. Arreola v. State, 620 So.2d 1289 (Fla. 4th DCA 1993), and Frazier v. State, 447 So.2d 959 (Fla. 1st DCA 1984), cited by the trial court in its order of denial, repeat general propositions of law that comments made at the entry of a plea may bar some subsequent attacks on counsel, but that principle does not apply in this fact-specific situation. We do not question that such an expression of contentment with counsel at the time a plea is entered will refute later claims that had already come to the defendant's attention at the time the plea was entered. However, in circumstances such as these where *285 Scott alleges that counsel never advised him of the availability of a legal defense that he has only subsequently become aware of himself, it would be illogical and unfair to foreclose analysis of that claim based upon what he asserts was an uninformed conclusion that counsel had been adequate in his criminal representation. See Stanley v. State, 703 So.2d 1156, 1157 (Fla. 2d DCA 1997); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Brunson v. State, 605 So.2d 1006, 1007 (Fla. 1st DCA 1992). These three cases involve virtually identical claims regarding counsel and the defense of voluntary intoxication, and all reject the notion that a plea agreement or colloquy which shows client approval of the attorney alone will refute the claim.
Accordingly, we reverse and remand for the trial court to consider these two interrelated allegations without regard to that portion of the plea form or plea colloquy where Scott endorses the representation he received from trial counsel.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and ALTENBERND and FULMER, JJ., concur.