PER CURIAM.
Carlron Calhoun appeals the denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Calhoun was convicted in 1996 after pleading no contest to a charge of escaping from police custody, a second-degree felony. He was sentenced as a habitual felony offender to two years’ community control followed by one year of probation. Calhoun’s motion attacked his conviction on two grounds, both of which the trial court summarily denied. We agree with the trial court’s denial of Calhoun’s second ground, and affirm as to that claim. However, as explained below, the trial court failed to attach sufficient portions of the record to support its denial of Calhoun’s first ground. We therefore reverse and remand as to this one claim only.
Calhoun’s first claim alleged that his lawyer’s ineffectiveness vitiated the volun-tariness of his plea. In particular, Calhoun alleged his lawyer assured him that he would not be sentenced as a habitual offender if he entered into a plea even though a habitual offender notice had been sent to him. He alleged his lawyer told him that the State sent the notice only as a formality and that the terms of his plea agreement would control. Calhoun maintains that this plea agreement provided for a nonhabitual offender sentence. He further alleges that had he been correctly advised that he was agreeing to a habitual sentence, he would not have entered a plea but instead would have proceeded to trial.
Contrary to the trial court’s conclusion, we believe this claim is facially sufficient. The trial court stated that Calhoun had signed a plea form containing a statement expressing satisfaction with counsel and then relied upon Arreola v. State, 620 So.2d 1289 (Fla. 4th DCA 1993), to deny relief. However, not only are the facts of this ease inapposite to Arreola, but we are unpersuaded that Calhoun’s motion can be summarily denied simply because he signed a statement expressing satisfaction with counsel. At the time Calhoun would have signed a plea form containing this statement, his counsel’s erroneous advice would not yet have been apparent to him. Calhoun’s expression of satisfaction with counsel before counsel’s affirmative misadviee became apparent cannot provide a basis to summarily deny postconviction relief. See Scott v. State, 23 Fla. L. Weekly D2048, — So.2d —, 1998 WL 552678 (Fla. 2d DCA Sept.2, 1998).
Furthermore, the plea agreement signed by Calhoun does not refute his claim. There is no indication on the plea form that Calhoun agreed to a habitual sentence. While the plea form does indicate that he agreed to a term of probation and a term of community control, it does not mention whether these sanctions would be imposed as habitual offender penalties. Had the trial court attached a copy of the plea colloquy to its order of denial, this ambiguity in the plea form might have been resolved. The plea agree *856 ment by itself, however, is insufficient to refute Calhoun’s claim.
Because this facially sufficient claim is not conclusively refuted by the order of denial and its attachments, we reverse and remand this cause to the trial court for it to reconsider Calhoun’s ineffective assistance of counsel claim. If the court again denies the motion, it shall attach sufficient portions of the record to support its conclusions.
Affirmed in part, reversed in part, and remanded.
CAMPBELL, A.C.J., and FULMER and SALCINES, JJ., Concur.