723 So.2d 910 (1999)
Zachary RICHARDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-316.
District Court of Appeal of Florida, First District.
January 8, 1999.
Zachary Richardson, Panama City, pro se, Appellant.
Robert A. Butterworth, Attorney General, and Charmaine Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Zachary Richardson appeals the summary denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The denial must be reversed in part because the record attachments provided by the trial court did not conclusively refute the sworn allegations of appellant's motion.
Appellant pled guilty to one count of burglary of a structure. In a plea colloquy, appellant stated he had discussed every aspect of the case with his attorney, had been advised of possible defenses, was aware that by entering his plea he was foregoing any possible defenses, and was generally satisfied with his attorney's services. His sworn motion for post-conviction relief alleges that he was under the influence of both alcohol and drugs at the time of the burglary for which *911 he was convicted. Appellant further states under oath that he informed the public defender's investigator of his intoxicated state at the time the crime was committed. Appellant then alleges that his appointed assistant public defender failed to inform him that the defense of intoxication was available to the charge of burglary. Appellant states that had he been advised of the existence of the defense, he would have elected to proceed to a jury trial.
Burglary is a specific intent crime for which voluntary intoxication is a defense. Whitty v. State, 687 So.2d 869 (Fla. 2d DCA 1997). To be sure, appellant expressed satisfaction with his attorney's advice and representation. Nevertheless, in circumstances where the defendant alleges that counsel never advised him of the availability of a legal defense that he has only subsequently become aware of himself, "it would be illogical and unfair to foreclose analysis of that claim based upon what (defendant) asserts was an uninformed conclusion that counsel had been adequate in his criminal representation." Scott v. State, 23 Fla. L. Weekly D2048, ___ So.2d ___, 1998 WL 552678 (Fla. 2d DCA Sept.2, 1998). See also Stanley v. State, 703 So.2d 1156, 1157 (Fla. 2d DCA 1997); Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995); Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992). Accordingly, the plea agreement and colloquy will not refute the claim where defendant avers under oath that he was never advised of a viable defense.
We REVERSE the order on appeal with regard to the intoxication defense and REMAND for further proceedings under the rule. We agree with the trial court, however, that defendant's second claim alleging that the State failed to disclose certain evidence to him is wholly without merit, and the trial court's ruling on that portion of the motion is AFFIRMED.
KAHN, BENTON and VAN NORTWICK, JJ., CONCUR.