PER CURIAM.
The appellant challenges the trial court’s summary denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief. The summary denial of the appellant’s colorable claim that his trial counsel was ineffective for failing to pursue a voluntary intoxication defense is reversed. See, e.g., Hester v. State, 23 Fla. L. Weekly D1567, - So.2d -, 1998 WL 323517 (Fla. 1st DCA June 22, 1998),; Bartley v. State, 689 So.2d 372 (Fla. 1st DCA 1997); Spivey v. State, 680 So.2d 565 (Fla. 1st DCA 1996); Morris v. State, 670 So.2d 1151 (Fla. 1st DCA 1996). In denying the appellant’s claim, the trial court observed that the defense presented at trial, mistaken identity, suggested a tactical decision by trial counsel not to present the voluntary intoxication de *965 fense. But presentation of an arguably inconsistent defense, standing alone, does not conclusively show that failure to present a voluntary intoxication defense was a tactical decision. Hester. See also Kiser v. State, 678 So.2d 859 (Fla. 1st DCA 1996); Williams v. State, 647 So.2d 996 (Fla. 1st DCA 1994); Thomas v. State, 634 So.2d 1157 (Fla. 1st DCA 1994). The order under review is otherwise affirmed, and this case is remanded for further proceedings under rule 3.850.
ALLEN and WEBSTER, JJ., CONCUR.
JOANOS, J., CONCURS IN RESULT.