747 So.2d 459 (1999)
Andrew MAY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2856.
District Court of Appeal of Florida, Fourth District.
December 22, 1999.
*460 Richard L. Jorandby, Public Defender, and Ellen Griffin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Zappi, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We affirm Appellant's sentence, concluding that it was not error to assess 120 victim injury points on the guidelines scoresheet for the death of the victim.
The victim was struck by Appellant's vehicle and dragged approximately 500 feet. After the initial collision, the victim was run over by another vehicle. Appellant was sentenced on a no contest plea on charges of leaving the scene of an accident involving death in violation of section 316.027(1)(b), Florida Statutes, and driving with a suspended license in violation of section 322.34(2), Florida Statutes. The guidelines scoresheet reflected a total of 148.2 points, including 120 points for victim injury. The trial court sentenced Appellant in accordance with the guidelines to 90.15 months in prison.
At sentencing, the state introduced the deposition of a medical examiner to establish the required nexus between Appellant's actions and the victim's death. See § 921.0011(7)(a), Fla. Stat. (1997). The medical examiner testified that as a result of being dragged under Appellant's vehicle, the victim sustained multiple blunt trauma injuries and large brush abrasions which eroded skin and muscle, exposing the victim's internal organs. According to the medical examiner:
[The victim] had hemorrhaging from his chest cavity from both sides. He had a fracture of his right collar bone. His lungs were injured internally. He had a laceration of the left lung. He had a fracture of the sternum.... He had fractures of the ribs on the left. He had blood in his abdomen. He had a laceration of his diaphragm. His stomach was lacerated. His mesentery, his pancreas, his intestines were also injured and [were] practically hanging out of [his body]. His liver was lacerated on the right. His spleen was lacerated. The left kidney was lacerated. His pelvic organs, his prostrate and his bladder were injured.
The medical examiner opined that the combination of all the injuries caused the victim's death, but could not say for sure that the victim's death was a direct result of the first collision, dragged under Appellant's vehicle in the course of Appellant's leaving the scene, or the second impact.[1]
Stripped of all the hedging as to whether leaving the scene of the accident alone caused death, the testimony of the medical examiner is that the combination of the injuries resulting from the initial impact and those resulting from dragging the victim for 500 feet directly caused the death. Appellant seeks to isolate the effects of the initial impact from those caused by the dragging, to ascertain whether either alone caused the injury.
However, the testimony is that both the impact and the dragging caused the death. The trial court manifestly had evidence to support its finding that the commission of the crime in issueleaving the scene of the accidentresulted in "death suffered by a person as a direct result of the primary offense...." See § 921.0011(7)(a)(emphasis supplied)("Victim injury" means the "physical injury or death suffered by a person as a direct result of the primary offense ... for which an offender is convicted and which is pending *461 before the court for sentencing at the time of the primary offense.").
Section 921.0011(7)(a) requires that the crime be a cause of death, not necessarily the cause of death. By opining that both aspects of the event in this case combined to cause the result, the expert was in fact saying that in all probability death could not be said to have resulted from either alone. Hence the dragging was a direct cause of deathcombined, of course, with the impact.
We have considered Scott v. State, 642 So.2d 838, 839 (Fla. 4th DCA 1994)(finding error where the sentencing judge assessed victim injury points even though the record did not contain sufficient evidence that the victim sustained physical trauma), and Arreola v. State, 620 So.2d 1289 (Fla. 4th DCA 1993)(finding error where the sentencing judge added points for victim injury even though no injury was alleged or proven). However, because there is competent evidence of severe injury and death resulting from May's attempt to flee, both Scott and Arreola are distinguished on their facts.
Accordingly, the sentence is affirmed.
GUNTHER, STONE, and FARMER, JJ., concur.
NOTES
[1] We note that upon review of the testimony, the trial court found that more injury was caused to the victim by being dragged 500 feet than being deposited in the roadway and then being run over by a second vehicle. We agree and note that the victim was thrown into the path of the second vehicle by Appellant who swerved from side to side in order to dislodge the victim's body in the course of fleeing the scene.