PER CURIAM.
We reverse and remand this case for the trial court to conduct an evidentiary hearing or attach portions of the record conclusively refuting the claim that defense counsel was ineffective for failing to inform the appellant that voluntary intoxication was a defense to his robbery charges and the burglary charge in case number 98-1940G. See Richardson v. State, 723 So.2d 910, 911 (Fla. 1st DCA 1999); Kiser v. State, 678 So.2d 859, 860 (Fla. 1st DCA 1996). See also Thomas v. State, 734 So.2d 1138 (Fla. 1st DCA 1999)(reversing for further proceedings on voluntary intoxication claim even though the appellant pled guilty and indicated in a plea agreement he was satisfied with defense counsel’s performance).
AFFIRMED in part, REVERSED in part, and REMANDED.
BENTON and POLSTON, JJ., concur. PADOVANO, J., concurs with opinion.