PER CURIAM.
Kevin M. Meehan appeals an order denying his motion for postconviction relief. We conclude that the trial court erred in denying the motion insofar at it alleged that defense counsel was ineffective for not investigating and pursuing a defense of voluntary intoxication. See, e.g., Hester v. State, 732 So.2d 331, 332 (Fla. 1st DCA 1998); Bartley v. State, 689 So.2d 372, 373 (Fla. 1st DCA 1997). The trial court denied the motion on the ground that a claim of voluntary intoxication would have been inconsistent with Mr. Meehan’s defense of innocence. The record does suggest that defense counsel may well have made a tactical decision to forgo a voluntary intoxication defense in favor of the defense raised at trial. Nevertheless, a determination that defense counsel made a tactical decision to forgo a defense normally requires an evidentiary hearing. See Hester, 732 So.2d at 332 (“While the decision to employ a misidentification defense rather than one of voluntary intoxication may have been a tactical one on the part of appellant’s attorney, such a determination normally cannot be made without an evi-dentiary hearing.”). “[P]resentation of an arguably inconsistent defense, standing alone, does not conclusively show that failure to present a voluntary intoxication defense was a tactical decision.” Bacon v. State, 729 So.2d 964, 965 (Fla. 1st DCA 1999). We therefore reverse on this point and remand for an evidentiary hearing. We otherwise affirm.
REVERSED IN PART; AFFIRMED IN PART; and REMANDED.
BOOTH, BENTON, and BROWNING, JJ., CONCUR.