PER CURIAM.
Waymon Swilley seeks review of the trial court’s order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Swilley raises four claims of ineffective assistance of counsel in his motion. Because one of Swilley’s claims effectively alleges ineffective assistance of counsel and is not conclusively refuted by the record, we reverse and remand for an eviden-tiary hearing on that claim. We affirm the trial court’s denial of the remaining claims without discussion.
Swilley argues that trial counsel was ineffective for failing to have Swilley’s mental state evaluated when counsel knew that Swilley had mental problems. This argument may form the basis of a valid claim of ineffective assistance of counsel. Williams v. State, 685 So.2d 1317, 1318 (Fla. 2d DCA 1996); Urquhart v. State, 676 So.2d 64, 65 (Fla. 1st DCA 1996). The trial court denied relief on this claim based on its finding that Swilley had been evalu *625 ated for drug treatment. However, Swil-ley’s argument alleged that he was in need of a mental health assessment, which is different than a drug treatment assessment. Thus, Swilley has alleged a facially sufficient ground for relief which requires reversal and remand for attachment of portions of the record conclusively refuting this allegation, or for an evidentiary hearing.
Affirmed in part, reversed in part and remanded.
PARKER, A.C.J., and ALTENBERND and SALCINES, JJ., Concur.