MAY, J.
 

 The defendant appeals the denial of his rule 3.850 motion for post-conviction relief. He argues the trial court erred in summarily denying his motion. We agree and reverse.
 

 The motion alleged that at the time the defendant committed the charged offense of strong arm robbery, he was “under the influence of Prescribed Medications to wit: Seroquel, Klonopin, Lithium, Zoloft, and Navane,” which had been prescribed for him. He attached a “Medication Administration Record” that revealed he had been diagnosed as schi-zoaffective and listed various doses of Es-kalith, Lithium Carbonate; Seroquel, Quetiapine Fumarate; Klonopin Equiv, Clonazepam; Zoloft, Sertraline HCL; SSD, Silver Sulfadiazine; and Navane Equiv, Thiothixene. The medications had been administered to him over the course of the same day he committed the strong arm robbery.
 

 He alleged his defense counsel was aware of this information, but failed to advise him of the availability of an involuntary intoxication defense. As a result, the defendant pled guilty. He further alleged that had he known of the defense, he would have exercised his right to trial by jury.
 

 The State responded that the motion was legally insufficient or conclusively refuted by the record. The response referred to a portion of the plea hearing during which the defendant acknowledged there was no basis for an insanity (not involuntary intoxication) defense. The tri
 
 *371
 
 al court denied the motion based upon the State’s response.
 

 The Second District Court of Appeal reversed a similar denial of a post-conviction motion in
 
 Scott v. State,
 
 779 So.2d 284 (Fla. 2d DCA 1998). There, the defendant alleged he would not have entered a plea to the charges for specific intent crimes had his counsel advised him of the voluntary intoxication defense. The Second District reversed the denial of the post-conviction motion, reasoning that “it would be illogical and unfair to foreclose analysis of that claim” where counsel failed to advise the defendant “of the availability of a legal defense that [the defendant] has only subsequently become aware of himself.”
 
 Id.
 
 at 285.
 

 The State does not dispute the defendant’s allegation that his trial counsel failed to advise him of the availability of the involuntary intoxication defense. Rather, the State again suggests that the defendant’s knowledge of the insanity defense was tantamount to knowledge of the involuntary intoxication defense. These defenses, however, are not the same.
 

 The distinction between the intoxication and insanity defenses was recognized by the Supreme Court of Florida in
 
 Cirack v. State,
 
 201 So.2d 706, 709 (Fla.1967). While the insanity defense may subsume the involuntary intoxication defense, the defenses are not the same.
 
 See Brancaccio v. State,
 
 698 So.2d 597 (Fla. 4th DCA 1997) (finding the standard instruction on insanity did not apprise the jury of the defense of involuntary intoxication). The involuntary intoxication defense can negate the specific intent element of the crime of strong arm robbery while an insanity defense is a complete defense to the crime.
 

 While the defendant admitted that he was not entitled to an insanity defense, the plea colloquy did not address an involuntary intoxication defense. The defendant’s motion for post-conviction relief alleged that he had taken multiple prescribed drugs on the day of the crime, which suggests he may have been entitled to the defense of involuntary intoxication. For this reason, we reverse and remand the case to the trial court for an evidentiary hearing or to attach portions of the record to establish the defendant is not entitled to relief.
 

 Reversed and Remanded.
 

 GROSS, C.J., and TAYLOR, JJ„ concur.