KELLY, Judge.
James Vice appeals the order summarily denying his motion filed under Florida Rule of Criminal Procedure 3.850, in which he alleged that his plea was involuntary due to counsel’s ineffective assistance. We affirm in part and reverse in part.
In his sworn motion, Vice stated that after a sixteen-year-old girl told her school *957 social worker of her sexual encounter with Vice approximately eight to nine years earlier, law enforcement conducted two controlled phone calls between the girl, her mother, and Vice. During the calls, Vice did not deny the accusations. He was arrested shortly after the calls and charged with capital sexual battery. Vice, who was sixty-seven years of age at the time, ultimately entered a plea to attempted sexual battery in exchange for a sentence of ten years’ imprisonment followed by four years’ sex offender probation.
Vice alleged that prior to the phone calls, he had consumed six sixteen-ounce beers at the Neptune Bar and drank another beer between the time he left the bar and returned home. He alleged that Dale Wackerman was at the bar with him and witnessed him drinking all six beers. He asserted that he informed counsel of this and asked counsel to obtain records of his blood alcohol level at the time of his arrest, but counsel told him that the level was not high enough to have an effect on his case. Vice alleged that after he entered his plea and was sentenced, counsel wrote him to alleviate his concerns and explained that there were no records of his blood alcohol level.
In ground one (A), Vice argued that his plea was involuntary because trial counsel advised him that his blood alcohol level was too low to have an effect on his case when in fact there was no evidence of his blood alcohol level. He argued that absent counsel’s misinformation, he would have insisted on going to trial and explaining that he failed to deny the accusations because he was heavily intoxicated at the time of the controlled phone calls. Vice stated that his assertions were supported by his hesitation to enter the plea.
In- ground two (A), Vice argued that trial counsel was ineffective for failing to investigate Dale Wackerman, who was available to testify and would testify that Vice was intoxicated at the time of the controlled calls. Vice alleged that Wackerman’s testimony would have rebutted the validity of the calls, and proof of intoxication would have allowed Vice to defend his failure to deny the allegations made during the calls. In this same vein, Vice argued in ground two (B) that counsel was ineffective for failing to investigate his bar tab from the Neptune Bar as it would have provided further evidence of his intoxication. Vice asserted that but for counsel’s failure to investigate his intoxication at the time of his arrest, he would have insisted on going to trial.[1]
In denying these claims, the postconviction court found that Vice failed to establish that he would have gone to trial but for counsel’s alleged misadvice because intoxication is generally relevant to a defendant’s credibility, not to the admissibility of his confession. In his brief filed in this appeal, Vice asserted, consistent with the arguments in his motion, that his allegation was not that he would have asserted the defense of voluntary intoxication but that he would have used his intoxication to explain his failure to deny the victim’s accusations during the controlled phone calls.
The postconviction court’s findings and its attachments to its order do not conclusively refute grounds one (A), two (A), and *958 two (B). Accordingly, we reverse as to those claims and remand for the postcon-viction court to either attach portions of the record that conclusively refute them or conduct an evidentiary hearing. We affirm grounds one (B) and three without comment.
Affirmed in part, reversed in part, and remanded.
KHOUZAM and BLACK, JJ., Concur.

. In ground two (C), Vice did not make a claim for relief; he argued that the plea form and the plea colloquy do not refute his claims. See Scott v. State, 779 So.2d 284 (Fla. 2d DCA 1998) (holding that a plea agreement or colloquy showing client approval of counsel will not refute an allegation that defendant later learned of the availability of a defense about which counsel failed to advise him). Vice’s argument is correct to the extent he alleges that counsel did not inform him of the absence of alcohol blood test results until after sentencing.