# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3383

_____

TONY CARL MCBEE,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

May 30, 2019

PER CURIAM.

The Appellant, Tony Carl McBee, appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The denial must be reversed as to ground two because the record attachments provided by the trial court did not conclusively refute the sworn allegations of appellant's motion. The summary denial as to grounds one, three, four, and five is affirmed.

The Appellant pled guilty to manslaughter and battery of a person 65 years of age or older. In the months before the Appellant entered his plea, defense counsel hired an expert to conduct a forensic evaluation of the victim's death, and the

defense expert's report concluded that the Appellant's battery of the victim was not the cause of death.

In ground two of his motion, the Appellant argues that counsel was ineffective because counsel failed to inform him of this forensic evaluation's conclusion, and if he had been properly informed, he would not have entered a plea of guilty. The trial court denied the claim on the ground that the Appellant told the court under oath that he had discussed all possible defenses with counsel and he was happy with counsel's services. However, nothing in the record showed that the Appellant was aware of a forensic report supporting his defense. *See, e.g., Richardson v. State,* 723 So. 2d 910 (Fla. 1st DCA 1999) (holding that plea colloquy in which defendant indicated he was happy with counsel and had been advised of all possible defenses did not refute ineffective assistance claim based on counsel's failure to advise him of a possible defense); *Fletcher v. State,* 890 So. 2d 1167, 1169 (Fla. 5th DCA 2005) ("While the plea transcript reflects that Fletcher stated that his defense counsel had discussed possible defenses with him, there is nothing to show that Fletcher was made aware of a potential suppression issue prior to entering his plea."); *Jones v. State,* 846 So. 2d 1224 (Fla. 2d DCA 2003) (noting that a generalized plea colloquy confirming satisfaction with counsel was insufficient to refute a claim based on counsel's failure to advise of a specific defense). In its response to this court's order to show cause pursuant to *Toler v. State*, 493 So. 2d 489 (Fla. 1st DCA 1986), the State has conceded that the documents attached to the order denying the motion for postconviction relief do not conclusively refute this claim.

Accordingly, we reverse as to ground two and remand for further proceedings. We affirm the summary denial as to the other grounds.

WOLF, BILBREY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Tony Carl McBee, pro se, Appellant.

Ashley Moody, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.