HARRIS, Judge.
Ulysses Johnson appeals his judgment and sentence for two counts of sexual battery. He contends that the trial court erred in refusing to grant his motion for judgment of acquittal on one count of sexual battery, in excluding testimony relating to the victim’s drug use, and in refusing to instruct the jury on his voluntary intoxication defense. For the reasons stated below, we affirm.
DENIAL OF JUDGMENT OF ACQUITTAL
The victim of this offense attended a birthday party at Ace’s Juke Joint and Bar. When the party disbanded at approximately 3:00 a.m., she was approached by Johnson who asked for a ride to “John Miller’s farm.” Although she did not know Johnson, she was familiar with John Miller’s farm. Since it was on her way home, she agreed to give him a ride. Once they arrived at the farm, Johnson asked to be let off at an isolated location. When the victim stopped, Johnson dragged her from the car and assaulted her.
Later, after she was taken to the hospital, a vaginal examination was conducted. Johnson does not deny vaginal intercourse. He contends, however, that his conviction for oral sexual battery is not supported by the evidence. He relies on the fact that Dr. Blakely, the examining physician, only checked for vaginal intercourse because the victim denied that any oral sex had taken place. On cross-examination the doctor stated “my notes reflect that she said vaginal sex only.”
The victim testified, however, that when she was removed from the ear she was required to perform oral sex on Johnson. This issue then became a jury question and the jury found against Johnson. Since the *880 jury decides the credibility of the testimony, we will not second guess their decision. See, e.g., Guzman v. State, 558 So.2d 501 (Fla. 3d DCA 1990) and cases cited therein.
PRIOR DRUG USE TESTIMONY
Johnson testified that the sex was voluntary after he and the victim had smoked cocaine. The victim testified that no drugs were involved that evening and her blood samples, taken as part of the rape investigation, showed no traces of drugs. Johnson proffered the testimony of a witness who would testify that he knew the victim and that during the period of time of the sexual battery, it was not uncommon for her to use cocaine. The court rejected this testimony.
This proffered testimony would not show:
1. That the victim used cocaine at or about the time of the sexual battery;
2. That the victim used cocaine at or about the time of her testimony; or
3. That her prior drug use would have affected her ability to observe, remember or recount.
Thus, the testimony was not admissible. Edwards v. State, 548 So.2d 656 (Fla.1989); Richardson v. State, 561 So.2d 18 (Fla. 5th DCA 1990).
VOLUNTARY INTOXICATION
While voluntary intoxication is a defense to a specific intent crime, sexual battery is a general intent crime. Buford v. State, 492 So.2d 355 (Fla.1986). The court was correct in not instructing on voluntary intoxication.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.