650 So.2d 143 (1995)
Nathaniel D. SHAW, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03922.
District Court of Appeal of Florida, Second District.
February 1, 1995.
*144 Nathaniel D. Shaw, pro se.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Nathaniel D. Shaw appeals the summary denial of his timely motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the order except for Mr. Shaw's claim of ineffective assistance of counsel.
Mr. Shaw pleaded no contest to trafficking in cocaine. Pursuant to a written plea agreement, he received an eighteen-year sentence of incarceration as a habitual offender, with ten years suspended. Contrary to his sworn motion, the attachments to the order establish that he received notice of an enhanced penalty and was informed in writing that his status as a habitual offender would affect gain time.
The defendant claims that he received ineffective assistance of counsel because his lawyer failed to investigate his claim that the drugs found in his car were planted there by the police. His sworn allegations unequivocally state that the drugs were not his, that the police placed the drugs in his car, and that he advised his lawyer of these facts. He maintains that he would not have pleaded no contest if his lawyer had done the proper investigation to prove these facts.
If these sworn allegations are true, Mr. Shaw would appear entitled to relief under the standards relating to ineffective assistance of counsel. Jones v. State, 627 So.2d 28 (Fla. 2d DCA 1993). On the other hand, if these sworn allegations are proven to be false on remand, they would seem to present a proper basis for a charge of perjury in an official proceeding. § 837.02, Fla. Stat. (1993).
Affirmed in part, reversed in part, and remanded.
LAZZARA, A.C.J., and FULMER, J., concur.