675 So.2d 1009 (1996)
George E. WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01418.
District Court of Appeal of Florida, Second District.
June 19, 1996.
*1010 PER CURIAM.
George Wright challenges the order of the trial court summarily denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the eight claims he advances only one merits attention, upon which we reverse for an evidentiary hearing or record attachments which refute his claim.
Wright pleaded guilty to a number of felonies associated with two sexual batteries. He had been charged with the sexual batteries, crimes which require no specific intent, Johnson v. State, 565 So.2d 879 (Fla. 5th DCA 1990), as well as kidnapping and attempted first degree murder, which are specific intent crimes. Sochor v. State, 619 So.2d 285 (Fla.1993); Chestnut v. State, 538 So.2d 820 (Fla.1989). In his motion he assails counsel for not pursuing a defense of voluntary intoxication after he had advised counsel that before and during the commission of the offenses he had ingested large quantities of crack cocaine and cognac. In addition he alleges that the circumstances surrounding his arrest, which apparently interrupted the activity of which he stands convicted, would have provided police corroboration of his intoxicated state.
These facts are strikingly similar to those in Young v. State, 661 So.2d 406 (Fla. 1st DCA 1995), which also involved the entry of a plea and a claim that counsel had failed to pursue a defense of voluntary intoxication. The court reversed for an evidentiary hearing, finding that the attachments failed to demonstrate that the movant was entitled to no relief. See also Brunson v. State, 605 So.2d 1006 (Fla. 1st DCA 1992).
This court has recently reiterated that an allegation that counsel did not investigate claimed defenses, coupled with the representation that the movant would not have entered a plea had the investigation been properly undertaken, as Wright has alleged, constitutes a facially sufficient claim of ineffectiveness of counsel. Shaw v. State, 650 So.2d 143 (Fla. 2d DCA 1995).
We reverse the trial court insofar as it summarily denied this claim to conduct an evidentiary hearing, or to deny the claim without a hearing if record attachments conclusively refute Wright's assertions. Should the trial court again deny the motion appellate review must be sought within thirty days of the rendering of the order.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and ALTENBERND and LAZZARA, JJ., concur.