777 So.2d 1143 (2001)
Jose RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3055.
District Court of Appeal of Florida, Third District.
February 14, 2001.
Mary Catherine Bonner (Ft.Lauderdale), for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Linda S. Katz, Assistant Attorney General, Miami, for appellee.
Before LEVY, FLETCHER, and RAMIREZ, JJ.
PER CURIAM.
Defendant appeals from a trial court Order denying his Rule 3.850 Motion for Post Conviction Relief claiming that the trial court denied post-conviction relief without an evidentiary hearing where the Record does not refute defendant's allegations. We agree with part of defendant's points on appeal and remand for an evidentiary hearing on those claims.
Florida Rule of Criminal Procedure 3.850 provides that "[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief, the motion shall be denied without a hearing....[and] a copy of that portion of the files and records that conclusively shows that the movant is entitled to no relief shall be attached to the order." Fla.R.Crim.P. 3.850(d). In the instant case, the trial court Order dictates that the Clerk of Court is to attach portions of the Record and file as submitted by the State Attorney's Office with its Response to Defendant's Motion for Post Conviction Relief.
After reviewing the Record before us, we find that the Record does not conclusively refute all of defendant's ineffective assistance claims. Specifically, the first five ineffective assistance claims, addressed in the trial court's Order denying relief, which relate to defendant's personal communications and relationship with his attorney, are not, and would likely never be, addressed in the Record. Accordingly, we reverse the Order Denying Defendant's Motion For Post Conviction Relief and remand for an evidentiary hearing on defendant's ineffective assistance claims relating to counsel's alleged bias and prejudice communications with defendant, the alleged limitation on defendant's right to testify, counsel's failure to seek co-counsel after he allegedly promised he would, counsel's alleged promise of a minimal sentence if defendant proceeded with an insanity/intoxication defense and counsel's alleged failure to communicate a plea offer. Finding no merit to the other issues raised by defendant, including the other ineffective assistance claims, we affirm as to those issues.
Reversed in part, affirmed in part and remanded for further proceedings consistent with this opinion.