PER CURIAM.
Robert Lee appeals the summary denial of his motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Because the record before us does not refute all of Lee’s ineffective assistance of counsel claims, we reverse.
On May 23, 1995, Andrea Monique Terry was kidnapped and shot to death. Lee was charged with and convicted of first degree murder with a firearm, attempted first degree murder with a firearm, kidnapping with a firearm, shooting a deadly missile, and unlawful possession of a firearm while engaged in a criminal offense. He was sentenced to life imprisonment. Lee subsequently appealed his conviction and sentence. This Court affirmed the conviction and sentence.[1] Lee then filed a *1177 motion for post-conviction relief on the basis of ineffective assistance of counsel. The trial court summarily denied Lee’s motion.
In his motion for post-conviction relief, Lee argued that his trial counsel failed to object to the trial court’s jury instructions and failed to call certain witnesses, and that he was denied his constitutional right to effective assistance of counsel when he was coerced into waiving his right to testify. He now argues that the trial court erred in denying his motion for post-conviction relief without an evidentiary hearing because the record does not conclusively demonstrate that he is not entitled to relief, and his motion is legally sufficient.
A defendant is entitled to an evi-dentiary hearing on a motion for post-conviction relief unless: (1) the motion, files, and records in the case conclusively show that the defendant is entitled to no relief; or (2) the motion or particular claims are legally insufficient. See Patton v. State, 784 So.2d 380, 386 (Fla.2000). See also Maharaj v. State, 684 So.2d 726, 728 (Fla.1996). Where the record does not conclusively refute post-conviction claims of ineffective assistance of counsel, the defendant is entitled to an evidentiary hearing on those claims. See Rodriguez v. State, 777 So.2d 1143 (Fla. 3d DCA 2001) (remanding for an evidentiary hearing where record did not specifically refute defendant’s claims of ineffective assistance of counsel). A review of the record before us does not conclusively refute all of Lee’s claims of ineffective assistance of counsel.
We therefore reverse and remand for an evidentiary hearing.

. See Lee v. State, 111 So.2d 1025 (Fla. 3d DCA 1998).