886 So.2d 996 (2004)
Aaron STIMUS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D03-3523.
District Court of Appeal of Florida, Fifth District.
October 15, 2004.
Rehearing Denied November 24, 2004.
*997 James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee and Judy Taylor Rush, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
Aaron Stimus appeals his judgment and sentence which were entered by the trial court after a jury found him guilty of committing the crime of first degree premeditated murder. Stimus raises three issues on appeal. We find his third claim of error relating to the State's alleged discovery violation to possess merit; therefore, we are constrained to reverse Stimus' conviction and remand this matter for a new trial.
Stimus was indicted on the charge of murdering his ex-wife. Stimus admitted that he shot and killed the victim but claimed that the shooting occurred in the heat of passion and was not premeditated. The defense called only one witness in the case, Randall Pryor. Pryor was called specifically to testify that on the day of the shooting Stimus was calm and upbeat, that he told Pryor that he was ready to move on with his life, that he had placed his house for sale, and that he was going to take a new job. On cross examination, the State questioned Pryor regarding a statement he had made to the arresting police officer. In the statement, Pryor told the officer that three weeks prior to the shooting he had heard Stimus threaten to kill both the victim and the victim's boyfriend. Over defense counsel's objection that the referenced statement was inadmissible because it had not been produced by the State during discovery, Pryor's statement was admitted into evidence.[1]
Stimus argues that he is entitled to receive a new trial because the trial court erred in failing to conduct a Richardson[2] hearing on Stimus' claim that the State had committed a discovery violation. We agree.
In Acosta v. State, 856 So.2d 1143 (Fla. 4th DCA 2003), the Fourth District explained the State's duty of disclosure during the discovery process:
In Barrett v. State, 649 So.2d 219 (Fla.1994) the Florida Supreme Court reiterated that: When a defendant elects to participate in the discovery process, the State has an ongoing duty to disclose and provide discovery. Fla.R.Crim.P. 3.220(j). When the State's failure to comply with the rules of discovery is brought to the court's attention, the court must conduct a Richardson [Richardson *998 v. State, 246 So.2d 771 (Fla.1971)] hearing to determine if that failure has prejudiced the defendant. While the trial court has discretion to determine whether a discovery violation would result in harm or prejudice to the defendant, "the court's discretion can be properly exercised only after the court has made an adequate inquiry into all of the surrounding circumstances." Id. at 221-22 (footnote omitted) (quoting Richardson, 246 So.2d at 775 (Fla.1971)).
Id. at 1144 (emphasis added). See also State v. Evans, 770 So.2d 1174 (Fla.2000)(holding that in cases where the State fails to disclose to the defendant, prior to trial, the substance of any oral statement allegedly made by the defendant, then the State has committed a discovery violation and the trial court must conduct a Richardson hearing upon learning of the possible violation).
Under Richardson,"once an asserted discovery violation is brought to the court's attention, the trial judge is required to conduct an inquiry, rule on whether a violation occurred, and determine whether the evidence was admissible." Sears v. State, 656 So.2d 595, 596 (Fla. 1st DCA 1995). See also Rath v. State, 627 So.2d 24 (Fla. 5th DCA 1993)(holding that once circuit court is put on notice of a discovery violation circuit court is obligated to conduct a Richardson inquiry to determine prejudicial affect, if any, of violation). However, pursuant to State v. Schopp, 653 So.2d 1016 (Fla.1995), the trial court's failure to conduct a Richardson inquiry can constitute harmless error if the appellate court can ascertain, beyond a reasonable doubt, that the error did not materially hinder the defendant's trial preparation. Specifically, Schopp states:
In determining whether a Richardson violation is harmless, the appellate court must consider whether there is a reasonable possibility that the discovery violation procedurally prejudiced the defense. As used in this context, the defense is procedurally prejudiced if there is a reasonable possibility that the defendant's trial preparation or strategy would have been materially different had the violation not occurred. Trial preparation or strategy should be considered materially different if it reasonably could have benefited the defendant. In making this determination every conceivable course of action must be considered. If the reviewing court finds that there is a reasonable possibility that the discovery violation prejudiced the defense or if the record is insufficient to determine that the defense was not materially affected, the error must be considered harmful. In other words, only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced by the discovery violation can the error be considered harmless.
Id. at 1020-21. See also Cox v. State, 819 So.2d 705 (Fla.2002)(holding that where the State commits a discovery violation, the standard for harmless error is extraordinarily high; a defendant is presumed to be procedurally prejudiced if there is a reasonable probability that the defendant's trial preparation or strategy would have been materially different had the violation not occurred, and a State's discovery violation is harmless only if the appellate court can say beyond a reasonable doubt that the defense was not procedurally prejudiced).
Here, our review of the record reveals that the trial court erred in failing to conduct a Richardson hearing in regard to Stimus' claims that the State failed to provide defense counsel with Pryor's pretrial statement. Additionally, the record establishes that this error was not harmless. *999 To that end, the only issue in controversy was whether the murder of Stimus' wife was premeditated. Stimus' defense to the State's claim of premeditation was that he acted in the heat of passion and defense counsel submitted Pryor's testimony in an attempt to support his defense. Certainly, if Stimus had known about the statement made by Pryor to the police indicating that he had heard Stimus previously threaten to kill the victim and her boyfriend, Stimus would not have called Pryor to the stand to testify, since this testimony is totally inconsistent with Stimus's claim of a heat of passion killing. In fact, the position taken by the State in its brief before this court supports the conclusion that the error was harmful in as much as the State noted that "the evidence adduced from Mr. Pryor on cross was critical to rebut that [heat of passion] defense." On this record, it cannot be said that the trial court's failure to conduct a Richardson hearing was harmless. Accordingly, this case is reversed and remanded for a new trial.
Judgment and Sentence REVERSED and Cause REMANDED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Defense counsel objected to Pryor's reference to Stimus' incriminating statement, noting that "for whatever strange reason, this is the only page of the file that wasn't apparently provided for me. So I have an objection to discovery violation."
[2] Richardson v. State, 246 So.2d 771 (Fla.1971).