LOGUE, J.
Pierre St. Louis appeals the order summarily denying his petition for writ of co-ram nobis, arguing that he involuntarily entered his guilty plea due to his attorney’s alleged failure to advise him of mandatory deportation consequences. He further contends that the trial court’s equivocal warning of immigration consequences could not cure any prejudice resulting from counsel’s ineffectiveness. We affirm because the transcript of the plea colloquy demonstrates that St. Louis would have entered the plea even if it subjected him to deportation.
On January 9, 2012, pursuant to plea negotiations, St. Louis entered a guilty plea to reduced charges of felony battery and simple battery. As to possible immigration consequences of his plea, the trial court’s colloquy with St. Louis reflected the following:
THE COURT: Do you understand, sir, that if you are not a United States citizen, this plea may subject you to deportation?
THE DEFENDANT: Yes.
THE COURT: Have you had enough time to discuss any possible immigration consequences and all possible legal defenses to this case with your attorney, Mr. Lucas?
THE DEFENDANT: Yes.
THE COURT: Are you satisfied with his representation?
THE DEFENDANT: Yes, I am.
THE COURT: Even if this plea were to subject you to deportation, would you still wish to enter into it to close out these charges today?
THE DEFENDANT: Yes.
(emphasis added). The trial court thereafter adjudicated St. Louis guilty of the charges and sentenced him to 364 days in jail followed by one year of reporting probation, with the special condition that he stay away from the minor victim.
*548 St. Louis contends that the trial court’s use of “may” in the deportation warning required by Florida Rule of Criminal Procedure 3.172(c)(8) did not cure his counsel’s alleged failure to advise him of mandatory deportation consequences. It is true, of course, that Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), requires defense counsel to “provide more than equivocal advice” concerning deportation consequences of a guilty plea where such consequences are “truly clear.” Hernandez v. State, 124 So.3d 757, 763 (Fla.2012). In such circumstances, “an equivocal warning from the trial court ... cannot, by itself, remove prejudice resulting from counsel’s deficiency.” Id. (emphasis added).
St. Louis, however, received more than an equivocal deportation warning during the plea colloquy. After providing a “may” deportation warning, the trial court continued, inquiring whether St. Louis would still enter a guilty plea “[e]ven if this plea were to subject you to deportation.” St. Louis responded in the affirmative. This sworn statement conclusively refutes the gravamen of St. Louis’s claim: that he would not have entered his guilty plea if he had been advised that his plea would subject him to deportation. Thus, St. Louis did not and cannot state a claim for relief under Padilla. See Cano v. State, 112 So.3d 646, 648 (Fla. 4th DCA 2013) (“Where a movant has received the standard ‘may’ or ‘could’ deportation warning required by rule 3.172(c)(8), to state a claim for relief under Padilla, a movant must establish ... that, if the movant had been accurately advised, he or she would not have entered the plea.”); see also Hernandez, 124 So.3d at 763 (recognizing that a plea colloquy is not meaningless); Smith v. State, 21 So.3d 72, 76 (Fla. 1st DCA 2009) (“It is well-settled that when a court determines whether an allegation is conclusively refuted by the record, it may rely on the sworn testimony the defendant has given in a plea colloquy. Any allegations that contradict those answers should not be entertained.”) (internal citation omitted). In other words, St. Louis’s admission under oath that he would enter the plea even if it subjected him to deportation demonstrates that he cannot satisfy the prejudice prong of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (holding, in the context of a plea, that the Strickland prejudice prong requires a defendant to demonstrate “a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial”).[1]
Affirmed.

. Because St. Louis admitted under oath that he would enter the plea even if it subjected him to deportation, we need not address the issue of whether the deportation consequences of his plea were "truly clear.”