# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D14-2067
Lower Tribunal No. 08-8599

————————————

**Orville Maxwell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Eric W. Hendon, Judge.

Orville Maxwell, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Orville Maxwell appeals the summary denial of his 3.850 motion for post-conviction relief in which he raised various grounds for relief. We reverse the

denial of relief as to ground four for trial counsel's failure to timely convey the State's plea offer, and remand the case for the trial court to either attach those portions of the record that conclusively refute Maxwell's claim or to hold an evidentiary hearing.

The State charged Maxwell with attempted premeditated first-degree murder with the discharge of a firearm and aggravated assault with a firearm. Following a jury trial, Maxwell was adjudicated guilty of both counts. He received a sentence of thirty years in prison on the attempted murder charge, with a 25-year minimum mandatory term, and a concurrent sentence of five years on the aggravated assault charge.[1]

The State concedes, and we agree, that counsel's failure to communicate the 10-year plea offer to Maxwell constituted error. "A defendant is entitled to an evidentiary hearing on a motion for post-conviction relief unless: (1) the motion, files, and records in the case conclusively show that the defendant is entitled to no relief; or (2) the motion or particular claims are legally insufficient. Lee v. State, 789 So. 2d 1176, 1177 (Fla. 3d DCA 2001). "Where the record does not conclusively refute post-conviction claims of ineffective assistance of counsel, the defendant is entitled to an evidentiary hearing on those claims." Id.

Maxwell specifically alleged in ground four that his trial counsel rendered

---

[1] Maxwell appealed his conviction and sentence to this Court which per curiam affirmed. Maxwell v. State, 86 So. 3d 1131 (Fla. 3d DCA 2012).

ineffective assistance because he first heard of the State's 10-year plea offer at the sentencing hearing. He further alleged that he would have otherwise accepted the 10-year plea offer, which would have resulted in a sentence significantly lower than the thirty years he received. Furthermore, the record does not conclusively refute Maxwell's ineffective assistance of counsel claim that counsel failed to convey the 10-year plea offer.

The trial court thus erroneously concluded that Maxwell failed to state a colorable claim for relief. We therefore reverse the denial of relief as to ground four for trial counsel's failure to timely convey the State's plea offer, and remand the case for the trial court to either attach those portions of the record that conclusively refute Maxwell's claim or to hold an evidentiary hearing. The denial of relief as to all other grounds raised is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.