# Third District Court of Appeal

## State of Florida

Opinion filed May 4, 2016.

_____

No. 3D14-2067
Lower Tribunal No. 08-8599
_____

**Orville Maxwell,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Eric W. Hendon, Judge.

Orville Maxwell, in proper person.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

ON MOTION FOR CLARIFICATION

Upon consideration of the State of Florida's Motion for Clarification in which the State seeks clarification on whether Orville Maxwell's counsel failed to communicate the 10-year plea offer to Maxwell, we grant the motion and substitute this opinion in place of this Court's previous opinion issued September 2, 2015.        Orville Maxwell appeals the summary denial of his 3.850 motion for post-conviction relief in which he raised various grounds for relief. We reverse the denial of relief as to ground four for trial counsel's failure to timely convey the State's plea offer, and remand the case for the trial court to either attach those portions of the record that conclusively refute Maxwell's claim or to hold an evidentiary hearing.

The State charged Maxwell with attempted premeditated first-degree murder with the discharge of a firearm and aggravated assault with a firearm. Following a jury trial, Maxwell was adjudicated guilty of both counts.  He received a sentence of thirty years in prison on the attempted murder charge, with a 25-year minimum mandatory term, and a concurrent sentence of five years on the aggravated assault charge.[1]

If counsel failed to communicate the 10-year plea offer to Maxwell, this would  constitute error.  "A defendant is entitled to an evidentiary hearing on a motion for post-conviction relief unless:  (1) the motion, files, and records in the

---

[1]  Maxwell appealed his conviction and sentence to this Court which per curiam affirmed.  Maxwell v. State, 86 So. 3d 1131 (Fla. 3d DCA 2012).

2

case conclusively show that the defendant is entitled to no relief; or (2) the motion or particular claims are legally insufficient. Lee v. State, 789 So. 2d 1176, 1177 (Fla. 3d DCA 2001). "Where the record does not conclusively refute post-conviction claims of ineffective assistance of counsel, the defendant is entitled to an evidentiary hearing on those claims." Id. Maxwell specifically alleged in ground four that his trial counsel rendered ineffective assistance because he first heard of the State's 10-year plea offer at the sentencing hearing. He further alleged that he would have otherwise accepted the 10-year plea offer, which would have resulted in a sentence significantly lower than the thirty years he received. Furthermore, the record does not conclusively refute Maxwell's ineffective assistance of counsel claim that counsel failed to convey the 10-year plea offer.

The trial court thus erroneously concluded that Maxwell failed to state a colorable claim for relief. We therefore reverse the denial of relief as to ground four for trial counsel's failure to timely convey the State's plea offer, and remand the case for the trial court to either attach those portions of the record that conclusively refute Maxwell's claim or to hold an evidentiary hearing. The denial of relief as to all other grounds raised is affirmed.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.