# Third District Court of Appeal

## State of Florida

Opinion filed May 2, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1755
Lower Tribunal No. 11-12433
_____

**Yasell Sosataquechel,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Cristina Miranda, Judge.

Michelle Walsh, for appellant.

Pamela Jo Bondi, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before, FERNANDEZ, LUCK and LINDSEY, JJ.

FERNANDEZ, J.

Yassell Sosataquechel appeals the trial court's summary denial of his 3.850

motion for post-conviction relief. Because the record before us does not

conclusively refute one of Sosataquechel's three ineffective assistance of counsel claims, we affirm in part and reverse in part.

Sosataquechel was formerly a member of the U.S. Army. He alleges that on May 11, 2011, six months before he was to be deployed to Afghanistan, Sosataquechel flew home to visit his wife, Yuleyvi, to reveal to her that he decided to abandon the military because of the continual stress it placed on their relationship. Despite his belief that this would make Yuleyvi happy, she surprisingly attacked him instead. After Yuleyvi stabbed Sosataquechel three times, injured his chin, and broke his tooth, Sosataquechel fought back and killed her. Sosataquechel alleges he then cut his own wrists in an attempt to kill himself, however, he did not die and was arrested and charged with homicide upon arrival at the hospital. After he was transferred from the hospital to jail, Sosataquechel was placed in the jail's psychological wing and given several different medications over the next two years.

On May 17, 2013, Sosataquechel and the state entered into a plea agreement, whereby Sosataquechel entered a guilty plea to his second-degree murder charge in exchange for a forty-year sentence. In April 2015, Sosataquechel filed a 3.850 motion and asserted that his counsel had been ineffective because: 1) he did not advise Sosataquechel that he could have raised an affirmative defense of self-defense, 2) he advised Sosataquechel to reject the state's initial thirty-year plea

offer because his counsel was certain the offer would only get lower, and 3) he failed to inform the court of the various medications Sosataquechel was taking at the time of the plea colloquy, even though defense counsel was fully aware of Sosataquechel's heavy medication schedule. Sosataquechel now appeals and argues that he is entitled to an evidentiary hearing because the record does not conclusively demonstrate that he is not entitled to relief or because his motion is legally sufficient. We agree with one of Sosataquechel's contentions.

A defendant is entitled to an evidentiary hearing on a motion for post-conviction relief if 1) the motion, files, and records in the case conclusively show the defendant is entitled to relief, or 2) the motion or claims are legally sufficient. See Patton v. State, 784 So. 2d 380, 386 (Fla. 2000). If the record does not conclusively refute post-conviction claims of ineffective assistance of counsel, the defendant is entitled to an evidentiary hearing on those claims. See Rodriguez v. State, 777 So. 2d 1143 (Fla. 3d DCA 2001).

For counsel to have been ineffective, a criminal defendant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is defined as whether counsel's "ineffective performance affected the outcome of the plea process." See Hill v. Lockhart, 474 U.S. 52, 59 (1985).

First, Sosataquechel contends that his counsel was ineffective because counsel failed to investigate and inform him that he could claim self-defense as a possible defense to the second-degree murder charge. Sosataquechel asserts that had he been so informed, he would not have pled guilty and would have instead chosen to go to trial. There is prejudice if a reasonable probability exists that, but for counsel's errors, the defendant would have chosen to go to trial instead of pleading guilty. The claim of ineffective assistance of counsel is facially sufficient on Sosataquechel's assertion that he would not have entered a plea of guilty, and instead would have chosen to go to trial, had counsel informed him of the claimed defense of self-defense. Sosataquechel's affirmative answer to the court's plea colloquy question about whether he had an adequate opportunity to discuss the facts of the case and defenses thereto does not adequately resolve his present claim as to the defense of self-defense. See Wright v. State, 675 So. 2d 1009 (Fla. 2d DCA 1996).

With respect to his second claim, Sosataquechel alleges that his counsel was ineffective because he was advised to reject the state's initial thirty-year plea offer because a better offer would be given to him in the future. Under the Strickland test, prejudice is established when a defendant shows a reasonable probability existed that he would have accepted the state's plea offer and the state would not have withdrawn the offer, the court would have accepted the offer's terms, and the

4

conviction or sentence would have been less severe than the ultimately-imposed judgment and sentence. See Strickland, 466 U.S. at 687; Alcorn v. State, 121 So. 3d 419, 422 (Fla. 2013). Sosataquechel claims that he only rejected the state's initial plea offer because his counsel assured him that its terms would become more favorable, not worse. Instead of decreasing in sentence length, the state's offer increased by ten years, which Sosataquechel was then forced to accept.

Lastly, Sosataquechel asserts that his counsel was ineffective because his counsel never informed the trial court that Sosataquechel was taking a multitude of medications both before and at the time of the plea colloquy, even though defense counsel knew Sosataquechel was taking them. We decline to address the second and third issues on appeal, as the record conclusively refutes Sosataquechel's claims.

We thus reverse the trial court's summary denial of Sosataquechel's 3.850 motion with respect to his first claim of ineffective assistance of counsel and remand for an evidentiary hearing on the claim that counsel did not discuss the defense of self-defense with Sosataquechel. We affirm the trial court's summary denial of Sosataquechel's 3.850 motion with respect to his second and third ineffective assistance of counsel claims without further discussion, as they are conclusively refuted by the record.

Affirmed in part, reversed in part, and remanded with instructions.

LINDSEY, J., concurs.

LUCK, J., concurring in part and dissenting in part.

Yasell Sosataquechel raised three claims in his motion for post-conviction relief: (1) "defense counsel was ineffective for failing to inform the defendant about available defense [sic] to the charge before advising defendant to enter a plea of guilty"; (2) "defense counsel was ineffective for improperly advising the defendant to reject the state's plea offer"; and (3) "defense counsel was ineffective for failing to assure that defendant had a reasonable degree of rational understanding as to the options and consequences of the plea he was entering before advising defendant to enter a guilty plea." The majority opinion affirms the trial court's summary denial of the second and third claims, and reverses the summary denial of the first claim and remands for an evidentiary hearing. I concur in affirming the denial of the second and third claims, but respectfully dissent from reversing the first claim because it is conclusively refuted by the record.

Sosataquechel's first claim that his attorney was ineffective for failing to advise him of available defenses relies on these facts:

• "Defendant further avers that defense counsel never attempted to discuss with him the events that occurred on May 11, 2011."

• "Counsel only discussed the possibility of entering a plea."

• "There was never any conversation or discussion concerning any details of what occurred on the date of the incident."

7

- "[C]ounsel never interviewed him to see what actually occurred."

- "[C]ounsel's failure to investigate and inform Defendant about the defense available to him prior to advising him to enter a guilty plea is failure to comply with that duty."

- "Defense counsel never mentioned the available self-defense or any other option the Defendant had at his disposal other than entering a guilty plea."

These allegations in Sosataquechel's motion were conclusively refuted by the record. During the plea hearing, the trial court asked Sosataquechel if he "had [the] opportunity to discuss the facts and defenses in the case with your attorney." Under oath, Sosataquechel said that he had. (In the next breath Sosataquechel also testified that he was satisfied with his attorney's services.) Sosataquechel's answers at the plea colloquy conclusively refute his claim that his attorney did not discuss the facts of the case with him and never advised him about defenses to the murder charge. He swore at the time of his plea that his attorney did do these things. See Smith v. State, 21 So. 3d 72, 76 (Fla. 1st DCA 2009) ("It is well-settled that when a court determines whether an allegation is conclusively refuted by the record, it may rely on the sworn testimony the defendant has given in a plea colloquy. Any allegations that contradict those answers should not be entertained." (citation omitted)), quoted in St. Louis v. State, 134 So. 3d 546, 547 (Fla. 3d DCA 2014).

8

That record evidence takes this case outside of the one cited by the majority opinion, <u>Wright v. State</u>, 675 So. 2d 1009 (Fla. 2d DCA 1996). There, unlike here, the trial court did not attach record excerpts conclusively refuting the defendant's claim. For that reason, the court of appeal reversed and remanded for the trial court to conduct an evidentiary hearing, or "deny the claim without a hearing if record attachments conclusively refute Wright's assertions." <u>Id.</u> at 1010. Here, unlike in <u>Wright</u>, the trial court attached to its order the plea colloquy transcript conclusively refuting Sosataquechel's assertions that his attorney did not discuss the facts of his case and available defenses prior to his guilty plea.

The trial court correctly denied the first claim because the record conclusively refuted it. I would affirm the trial court's order.