# First District Court of Appeal
## State of Florida

———————————————

No. 1D17-3988

———————————————

Eduardo Rodriguez-Lopez,

Appellant,

v.

State of Florida,

Appellee.

———————————————

On appeal from the Circuit Court for Duval County.
Steven B. Whittington, Judge.

February 15, 2019

Per Curiam.

Affirmed.

Bilbrey and Jay, JJ., concur; Winokur, J., concurs with opinion.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

WINOKUR, J., concurring.

I agree with the majority that we should affirm the order below, but I write separately because I disagree with some of the reasoning offered by the trial court below in support of the order.

Rodriguez-Lopez was charged with first-degree murder and pleaded guilty to second-degree murder in exchange for a sentence between twenty and one-half years and fifty years. He later filed a motion to withdraw that plea alleging that his counsel had been ineffective for failing to advise him of the "heat of passion" defense prior to entering the plea. Rodriguez-Lopez alleged that his wife was having an affair, and that once he discovered this, he "lost control," later awaking in the hospital with no memory of what happened. Rodriguez-Lopez claimed that he told counsel these facts, but that counsel told him he had no defense, in spite of Rodriguez-Lopez's assertion that the heat-of-passion defense was available to him.

The trial court found that the record conclusively refuted this claim because it showed that Rodriguez-Lopez had threatened to kill his wife nine months before the murder, and because he swore in his plea colloquy that he had been advised of all possible defenses, that he had fully discussed them with counsel, and that he concurred with counsel on the decision not to go to trial. The court noted that "[p]revious threats to kill a victim are 'totally inconsistent with [a] claim of a heat of passion killing,'" citing *Stimus v. State*, 886 So. 2d 996, 999 (Fla. 5th DCA 2004), and that a defendant who "enters a plea and swears that he is satisfied with his counsel's advice, [] may not later attack counsel's effectiveness for failure to investigate or defend a charge," citing *Clift v. State*, 43 So. 3d 778, 779 (Fla. 1st DCA 2010). I disagree that either reason constituted a basis to deny the claim without a hearing.

First, the fact that the State could have demonstrated that Rodriguez-Lopez had previously threatened to kill his wife, while relevant, does not necessarily demonstrate that summary denial was appropriate.* "[A] sudden event that would have suspended

---

* If "the files and records in the case conclusively show that the defendant is not entitled to relief" on a postconviction claim,

2

the exercise of judgment in an ordinary reasonable person," who "would have lost normal self-control and would have been driven by a blind and unreasoning fury" without a "reasonable amount of time for a reasonable person to cool off" may provide a basis for a heat-of-passion defense. Fla. Std. Jury Instr. (Crim.) 7.2. Nothing about this defense excludes the possibility of prior violence between the perpetrator and the victim. *Stimus*, which concerned remedy for a discovery violation, does not suggest otherwise. 886 So. 2d at 997.

The effect of Rodriguez-Lopez's acknowledgement at the plea hearing that he had been advised of all possible defenses and discussed them with counsel presents a more difficult question. It can be logically contended that this acknowledgement conclusively refutes the claim that counsel did not advise Rodriguez-Lopez of a particular defense. However, it seems harsh and irrational to impute knowledge of a particular defense, even with such an acknowledgement, when Rodriguez-Lopez alleges that he was unaware of its existence at the time of the plea. The Third District recently split over such a dispute. *Sosataquechel v. State*, 246 So. 3d 497 (Fla. 3d DCA 2018). The majority there found that an acknowledgement at a plea hearing that the defendant discussed defenses with his attorney and was satisfied with his advice "does not adequately resolve" his claim that counsel failed to advise him of his right to claim self-defense. *Id.* at 499. In contrast, the minority opinion found that such an acknowledgement conclusively refuted the defendant's claim. *Id.* at 500 (Luck, J., concurring in part and dissenting in part).

In this case, I believe we do not have to resolve this question, because the record conclusively refutes the claim that Rodriguez-Lopez acted in the heat of passion. The order under review included records that showed that on the day of the murder, Rodriguez-Lopez waited across the parking lot in a place where he could see the victim's apartment, that he brought the murder weapon (a large knife) with him, and that he was seen "stalking

---

then the claim "shall be summarily denied on the merits without a hearing." Fla. R. Crim. P. 3.850(f)(4).

the victim at her workplace and on her way to work." While past violence against the victim may not have conclusively refuted a heat-of-passion defense, certainly these facts do. *See*, *e.g.*, *Spencer v. State*, 645 So. 2d 377, 381 (Fla. 1994) (holding that evidence that the defendant parked away from the victim's house on the day of the killing, wore plastic gloves during attack, and carried a steak knife in his pocket, was inconsistent with a heat-of-passion killing). For this reason, I concur in the conclusion that the record conclusively refutes Rodriguez-Lopez's claim that counsel was ineffective for failing to advise him of the heat-of-passion defense.

---

Eduardo Rodriguez-Lopez, pro se, Appellant.

Ashley B. Moody, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

4